#008054

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAY 1 2008
U.S. COURT OF FEDERAL CLAIMS

JAMES A ROSEBORO, Ph.D.
P.O. Box 10444
Marina Del Rey California 90295
Plaintiff

VS. No. 08-325 C

UNITED STATES

Defendant

## COMPLAINT

(JURISDICTION)

This Court's Jurisdiction is founded under the Tucker Act, 28 U.S.C. § 1491(a)(1) (2000), and under 37 U.S.C. § 204 (2000) (the "Military Pay Act").

BACKGROUND

1. All events complained of herein occurred in the U.S. Food and Drug Administration (FDA) Los Angeles District Office (Los-Do) from 1985 until November 1, 1997, the time of the constructive retirement/discharge.

2. Plaintiff, James A. Roseboro, Ph.D. is a retired Senior Regulatory Research Officer with the U.S. Public Health Service Commissioned Corps, Grade 05. He was assigned to the U.S. Food and Drug Administration, (FDA) Los Angeles District Office (Los-Do) from the time of the events at issue until the time of his constructive retirement. Plaintiff currently resides in Los Angeles, California. He is an Assistant Professor , UCLA Departments of Radiation Oncology and Radiological Sciences , Radiation Biology and Experimental Radiation Therapy Faculty , Biomedical Physics Interdepartmental Graduate

Program, Certified, Radiological Physics, American Board of Radiology and also a Research Scientist at the West Los Angeles Veterans Administration.

3. Plaintiff came to Los-Do in 1985 as a Consumer Safety Officer. By training he has a Ph.D. in physics. Before joining the U.S. Public Health Service Plaintiff Roseboro had been a Nuclear Medical Science Officer in the Army Reserve for eighteen years and had spent an additional four years on active duty as a Nuclear Medical Science Officer from 1967-1971 in the United States Army.

4. By 1986 Plaintiff Roseboro was appointed to the billet of Electro-Optics Specialist at the 04 grade level. In this position he performed the functions of Electro-Optics Specialist for the Domestic Investigations Branch. He was responsible for conducting inspections investigations for the FDA. He continued as an investigator until October of 1990 when his billet changed to that of Supervisory Regulatory Operations Officer, pay grade 0-5.

5. Plaintiff was recommended for promotion to pay grade 0-6 in the normal course of events. However, due to the fact that Plaintiff had filed grievances based upon race ( Plaintiff is black) he was retaliated against and constructively forced to submit his retirement on July 7, 1997, effective November 1, 1997, at a pay grade 0-5 rather than 0-6 that he should have been entitled to had he remained on active service.

6. The retaliatory actions leading to the constructive retirement consisted of the following malicious acts on behalf of the Defendant United States by and through its agents:

a) On or about July 22, 2007, through its agency the FDA, maliciously and as retaliation for filing a grievance based upon race, notified Plaintiff that he was to be involuntarily reassigned from Los-Do to the Winchester Engineering and Analytical Center Westchester, Massachussetts. Defendant United States knew full well that this reassignment would destroy Plaintiff's family. Defendant United

States knew that Dr. Roseboro and his family had lived in the Los Angeles area since 1971, with only a brief stint when he was on the faculty of the University of North Carolina, Chapel Hill, for 18 months in 1975-1976. Other than that, he and his family had lived and worked in the Los Angeles area since 1971. Plaintiff had worked in the Los Angeles are for twelve years, June 1985-November of 1997. An involuntary assignment to another state, especially one cross country, was highly unusual under these circumstances, indeed, unheard of. It would have disrupted his children's education and torn his family apart. It was, again, unheard of and done for no other reason than for retaliation for the discrimination claim. Indeed, even after Plaintiff was forced to put his retirement papers in on July 23, 1997 the Defendant United States still attempted to involuntarily reassign him to Winchester, knowing he would be retiring in November. It took intervention from a higher authority to stop the retaliatory transfer from going through.

b. On July 22, 1997, Plaintiff Roseboro, although a senior investigator, was assigned by his supervisor Mr. Michael Stokke, an agent of the Defendant United States, to collect produce samples for pesticide analysis. He protested because he was a senior specialist and normally junior investigators do this type of work. He was about 55 years old at the time, ordered to work normally done by young investigators in their 20's and 30's. He had not done this manual work since he had first entered the agency as a new employee, and even back then only one time when there had been an emergency recall. This work consists of picking up produce samples from distributors at a loading dock, loading them into crates, and taking them into the FDA lab. It is heavy manual labor, not fit for someone of Plaintiff's age, education and training. Despite his protests and concerns that he would be hurt, Plaintiff was sent to do this work anyway. As he feared, he fell off the loading dock, permanently injuring his back. His injuries were so severe that he has subsequently been classified as 100% disabled by the VA. Plaintiff Roseboro was assigned the task of collecting produce samples and other menial

assignments as retaliation for filing grievances based upon race. As a senior investigator with well recognized specialized qualifications he was the only such specialist assigned to such relatively menial tasks. He was the only Senior Investigator with these qualifications who was assigned to collecting produce samples on the dock. The supervisor who assigned him this duty, Mr. Kozick, let it be know that he was out to "get him." He and others had made derogatory and racial statements about him. They intentionally sent an older person out into a dangerous situation in an attempt to hurt him and cause him harm, again, constructively forcing him to retire. Plaintiff was made to work in a dangerous work environment, where not only was his physical well being in danger, he was in fact seriously injured. He had no choice to to retire. He filed his request for retirement papers on July 23, 1997, the day after being told of the involuntary transfer, and the day after being seriously injured due to the malicious acts of the Defendant United States.

6. Plaintiff Roseboro filed a mandatory discrimination complaint with the Department of Health and Human Services on October 6, 1997. Commissioned Officers with the Public Health Service are not covered by Title VII of the United States Code and therefore he was required to filed an administrative claim with the Department of Health and Human Services before he could file any action with the Courts.The discrimination complaint was accepted on April 24, 1998. The discrimination complaint was denied on August 12, 2003. He filed an appeal with the Surgeon General. That appeal was denied on 29 April 2004. However, counsel and Plaintiff did not receive that decision until the month of February, 2005 as the decision was not sent to the proper address. Plaintiff files this within six years of the denial of his mandatory discrimination complaint which was denied on August 12, 2003, and the final denial on April 29, 2004. Moreover, this Complaint should be heard in the interests of justice because Commissioned Corps Officers are not covered by Title VII of the Civil Rights Act of 1964, as amended, or by Executive Order 11478 and Plaintiff had no recourse but to go

through the administrative process proscribed by the FDA for discrimination complaints. Finally, the wrongful retirement has been an ongoing wrong for each month that Plaintiff has not been paid the difference between 05 and 06 pay, and has suffered the continuing medical disability from his injuries.

(Constructive Discharge)

7. Paragraphs one through six are incorporated herein by reference.

8. Due to the malicious intentional and vicious acts of the Defendant United States by and through its agents in attempting to reassign Plaintiff Roseboro cross country to Winchester Massachusetts, and in assigning him to do inspections on the dock knowing that it would result in serious bodily injury, Plaintiff James A. Roseboro was constructively discharged from the U.S. Public Health Service at the grade of 05 instead of 06. Were it not for the constructive discharge, Plaintiff, who had been recommended for 06, would have remained and been promoted to 06 and retired at 06 or higher.

(Prayer for Money Damages)

WHEREFORE, Plaintiff demands that he be promoted to pay grade 0-6; that he be paid back pay being the difference in retirement pay between pay grades 05 and 06 with interest from the time of his retirement until the present, and that his retirement pay continue at the rate of 06, that he be awarded attorneys fees, and any other awards that this Court deems just.

Respectfully Submitted,

Jane Carol Norman #384030
Bond & Norman PLLC
700 5th St. N.W. #200
Washington, DC 20001
202-682-4100
Fax: 202-207-1041
Counsel for James A. Roseboro PH.D.